**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph D. Meyer,

Civ. No. 10-767 (JNE/JJK)

Plaintiff,

v.

Commissioner of Internal Revenue Service,

**REPORT AND RECOMMENDATION**

Defendant.

Joseph D. Meyer, PO Box 344, Littlefork, MN 56653, *pro se*.

Lonnie F. Bryan, Esq., Assistant United States Attorney, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendant's Motion to Dismiss or Summary Judgment (Doc. No. 9). This Court held a hearing on the motion on August 24, 2010. Attorney Lonnie Bryan appeared for and on behalf of Defendant. *Pro se* Plaintiff Joseph Meyer did not appear. The motion has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons stated below, this Court recommends that Defendant's motion to dismiss be granted.

## BACKGROUND

On March 12, 2010, Plaintiff commenced this action by filing a Complaint asserting that the Court should order Defendant Commissioner of Internal

Revenue Service to produce certain documents for inspection and copying pursuant to "the Freedom of Information Act, 5 USC [§] 552," and should order Defendants to expunge and correct certain documents and to furnish an accounting pursuant to "the Privacy Act, 5 USC [§] 552a[.]"  (Doc. No. 1, Compl. ¶¶ 1, 2.)  Plaintiff alleges that this Court "has jurisdiction over this action pursuant to 5 USC [§] 552 (a)(4); Title 28 U.S.C. [§] 1361; and the First and Fifth Amendments of the Constitution of the United States." (Compl. ¶ 3.)  The factual allegations in the Complaint are not lengthy and the Court sets them forth below in full:

> 4. Plaintiff is a Citizen of the United States and resident of this district.
>
> 5. Defendant Internal Revenue Service is an agency of the Executive Branch in which the documents are located.
>
> 6. By letter dated December 10, 2009 and addressed to Internal Revenue Service, Cincinnati Ohio 45999-0025, a copy of which is attached hereto and identified as Plaintiff's exhibit A, Plaintiff requested access to certain documents.
>
> 7. By letter dated December 10, 2009 and addressed to Internal Revenue Service, Cincinnati Ohio 45999-0025, a copy of which is attached hereto and identified as Plaintiff's exhibit A, Plaintiff requested correction, ammendment [sic] and/or expungement of certain documents.
>
> 8. By letter dated January 20, 2010, a copy of which is attached hereto and identified as Plaintiff's exhibit B, Defendants promised to respond no later than March 3, 2010.
>
> 9. Defendants have failed to respond by their own timetable, and have also failed to respond, in whole or in part, within the time limits mandated by the Freedom of Information Act, 5 USC [§] 552 (a)(6)(1).

10. Defendants have failed to respond by their own timetable, and have also failed to respond, in whole or in part, within the time limits mandated by the Privacy Act, 5 USC [§] 552a (d)(3).

11. Plaintiff has the right to treat the failure to comply within the time limits as Defendants final denial of Plaintiff's requests.

12. Pursuant to 5 USC [§] 552a(d)(B)(i), plaintiff is entitled to access, to correct, amend and/or expunge the requested documents and there is no legal basis for Defendant's denial of Plaintiff's requests.

13. Plaintiff has exhausted his administrative remedies and is entitled, pursuant to law, to inspect and copy the requested documents.

14. Plaintiff is harmed by the defendant's maintenance of the above mentioned documents for the following reasons:

    a. The documents are in violation of Plaintiff's statutory rights as set forth in the Privacy Act, 5 USC [§] 552a (e)(1)(5)(7).

    b. The documents are an affront to Plaintiff and a reminder to him forever of the deprivation of Constitutional and statutory rights.

    c. Unless removed, corrected or amended by order of this Court, the documents could adversely effect [sic] Plaintiff's relationship with other IRS employees, and employees and officials of other government agencies.

    d. Unless removed, corrected or amended by order of this Court, the documents will continue to adversely effect [sic] Plaintiff's relationship with public and private financial institutions.

(Compl. ¶¶ 4-14.)

On May 18, 2010, Defendant filed a motion to dismiss, or alternatively, for summary judgment. (Doc. No. 9.) Defendant asserts that it has timely responded to Plaintiff's alleged Freedom of Information Act ("FOIA") requests,

and therefore that claim is moot and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Defendant also asserts that the Complaint fails to state a claim for which relief may be granted, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response in opposition to Defendant's motion on June 28, 2010, and Defendant filed a reply brief on June 29, 2010. (Doc. Nos. 16, 18.) Defendant also filed a Notice of Hearing, setting the motion-hearing date for oral argument on the motion for August 24, 2010, at 9:30 a.m., before the undersigned, in Courtroom 646, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. (Doc. No. 17.) This Notice of Hearing was served on Plaintiff through first class mail. (*See* Doc. No. 19.)

## DISCUSSION

**I.    Standard of Review**

Dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) will not be granted lightly. *Wheeler v. St. Louis Sw. Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996). Dismissal is proper, however, where an attack on the complaint's alleged basis for subject-matter jurisdiction reveals that there is no actual basis for jurisdiction. *Id.*

On a motion to dismiss under Rule 12(b)(1), a defendant may assert a "facial attack" or a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Here, Defendant's Rule 12(b)(1) motion relies on matters outside the pleadings. Therefore, this Court construes Defendant's Rule 12(b)(1) motion as a factual attack. "In a factual attack, the trial court is free to weigh the

4

evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The court has authority to consider matters outside the pleadings when subject-matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1). *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003). Consideration of matters outside the pleadings under such circumstances does not convert the proceedings to a Rule 56 summary-judgment motion. *Id.*

In addition, Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." A civil complaint will be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) under some established legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (noting that "the complaint must allege facts, which if true, state a claim as a matter of law").

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.

*Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 562 (discussing the "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Ultimately, evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)

6

(per curiam).  However, even a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (explaining that "[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions"); *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (stating that "[a]t the very least . . . the complaint must contain facts which state a claim as a matter of law and must not be conclusory") (emphasis added).

When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  Here, this Court concludes that it may consider the communications between Plaintiff and the IRS related to Plaintiff's claims in his Complaint (Compl., Attach. 1; Doc. No. 12, Exs. 1, 2), as matters embraced by the pleadings, and need not thereby convert this motion into one for summary judgment under Rule 12(d).

**II.    FOIA claim**

Defendant argues this Court lacks subject-matter jurisdiction over Plaintiff's FOIA claim.  Specifically, Defendant asserts that it "has timely responded to the alleged FOIA requests and the claim is now moot."  (Doc. No. 9, Def.'s Mot. to Dismiss or Summ. J. 1.)  In response, Plaintiff argues that his FOIA request "remains for the most part unfulfilled[,]" and asserts that the burden is on the IRS, who is the proponent of the law at issue, "to make readily

7

available those laws which they enforce for public inspection." (Doc. No. 16, Pl.'s Resp. to Mot. to Dismiss or Summ. J. 1.) Plaintiff contends that "[t]he information requested is not of the nature that research is required but should be readily at Defendant[']s disposal given they are the proponents of the law." (*Id.*)

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Plaintiff's December 10, 2009 letter requested the following under FOIA:

> 1) The law that makes [Plaintiff] liable for and requires [Plaintiff] to pay individual income taxes.
>
> 2) The law that requires [Plaintiff] to fill out a Form 1040 tax return.
>
> 3) The law authorizing issuance of a valid OMB control number for Form 1040 tax return.
>
> 4) Copy of my entire case file including notes and code interpretations.

(Doc. No. 1, Compl. Attach. 1, Ex. P-A.)

This Court need not determine whether the letter request sent by Plaintiff on December 10, 2009, was a proper FOIA request, or was a properly filed FOIA request. Even assuming that the letter was proper in both respects, this Court concludes that Plaintiff's FOIA claim is moot in part with respect to Plaintiff's requests at paragraphs 1 through 3, and fails to state a claim with respect to Plaintiff's request at paragraph 4.

"Section 552(a) of FOIA directs government agencies to disclose certain

8

types of records and describes the manner of disclosure required. Subsection (a)(1) lists records that must be published in the Federal Register. Subsection (a)(2) lists records that must be made available for public inspection and copying. Subsection (a)(3) contains a catch-all provision requiring disclosure of records not covered by (a)(1) or (a)(2)." *Cox v. United States Dep't of Justice*, 576 F.2d 1302, 1304 (8th Cir. 1978). Subsection (a)(2) provides, in part, as follows:

> Each agency, in accordance with published rules, shall make available for public inspection and copying –
>
> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
>
> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;
>
> (C) administrative staff manuals and instructions to staff that affect a member of the public.

5 U.S.C. § 552(a)(2). The IRS makes available the records described in subsection (a)(2) in a "reading room." 26 C.F.R. § 601.702 (b)(3)(i) and (ii).

In paragraphs 1 through 3 of his letter, Plaintiff requests law and interpretations of the law that address his income-tax liability and his responsibilities to fill out certain tax returns. The IRS makes this information available on the IRS website or in the public library. Because this material is already publicly available, the IRS need not disclose it to Plaintiff via his FOIA request. *See City of W. Chicago v. Nuclear Regulatory Comm'n*, 547 F. Supp. 740, 749 (N.D. Ill. 1982) ("Material already on public record need not be

9

disclosed."); *see also Crews v. Internal Revenue*, No. CV 99-8388, 2000 WL 900800, *6 (C.D. Ca. Apr. 26, 2000) ("The IRS has also produced documents that are publicly available either in the IRS reading room or on the internet, and thus not subject to production via FOIA requests."); *Tax Analysts v. United States Dep't of Justice*, 845 F.2d 1060, 1065 (D.C. Cir. 1988) (stating that an agency "need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access.").

Also, by letter dated April 19, 2010, the IRS Disclosure Office 11 responded to Plaintiff's request. The IRS informed Plaintiff that additional information was needed before the IRS could process his request, namely, proof of his identity and his agreement to pay for search and copying fees. The IRS's response also described publically available information that may be responsive to Plaintiff's requests, and enclosed a copy of Publication 2105, "Why Do I Have to Pay Taxes?" In addition, the IRS provided Plaintiff with a hyperlink to a document called, "The Truth about Frivolous Tax Arguments." (Doc. No. 12, Ex. 1.)

Further, this Court notes that this is not the first time that Plaintiff has sought "specific code sections and language making him liable for income taxes." Plaintiff previously filed a case that was decided by the court in the Western District of Wisconsin in 2005, whereby Plaintiff argued that "he has no obligation to pay federal income taxes[,]" and that "the federal government has no authority to collect such taxes from individuals in the United States who do not earn their

10

wages from international commerce or from business activity in or involving United States possessions." *Meyer v. Comm'r, IRS*, No. 04-C-0857-C, 2005 WL 1181959, *1, 3 (W.D. Wisc. May 18, 2005). The court found that Plaintiff had failed to show that he was "not liable for taxes on the income he earns as a physician in a medical clinic or that he should not have to pay the penalties assessed against him for filing frivolous returns and false information relating to withholding of taxes." *Id.* The district court at that time advised Plaintiff to review www.irs.gov/pub/irs-utl/friv tax.pdf.[, a website where] he "would find the legal reasons why his arguments are groundless[.]" *Id.* at 5. In addition, the court warned Plaintiff of the following:

> Among other things, he would be reminded that no one has ever won a civil case arguing the kinds of theories that he is arguing in this case and that hundreds of people who have relied on the arguments have not only lost their cases but have been required to pay penalties to the IRS and have been sanctioned for advocating a frivolous theory to the court.

*Id.*

Not only does the IRS disclose the information that Plaintiff seeks in paragraphs 1 through 3 publically, but Plaintiff has been told previously where to find that information. Thus, Plaintiff's FOIA claim with respect to his requests in paragraphs 1 through 3 is moot. He has been provided the information he requests through public means, through the IRS's response to his letter request, and through an Opinion and Order of a United States District Court. In addition, any claim made by Plaintiff based on the timeliness of the IRS's response is also

11

moot because of the IRS's response.  *See, e.g., Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (dismissing case as moot because the issue in the case was "tardiness" of the agency response, which was rendered moot by the agency's response); *Atkins v. Dep't of Justice*, 946 F.2d 1563, 1563 (D.C. Cir. 1991) (unpublished decision) ("[T]he question whether DEA complied with the [FOIA's] time limitation in responding to [plaintiff's] request is moot because DEA has now responded to this request."); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("[H]owever fitfut or delayed the release of information under the FOIA may be . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.") (quotations omitted).

In regard to Plaintiff's request set forth in paragraph 4 of his letter for a copy of his entire case file, including notes and code interpretations, Defendant argues that Plaintiff's FOIA claim should be dismissed for failing to state a claim. Specifically, Defendant asserts that Plaintiff's administrative remedies were not exhausted.  This Court agrees.

Plaintiff's letter request dated December 10, 2009, was addressed to the IRS' Wage & Investment Division (Account Management), Cincinnati, Ohio. FOIA requests instead should be sent to one of the several IRS disclosure offices.  *See* IRS, http://www.irs.gov/foia/ (last updated Nov. 12, 2009); *see also* IRS, http://www.irs.gov/foia/article/0,,id= 120681,00.html (last updated Aug. 23, 2010) (providing addresses of the offices available to respond to a FOIA

request).  Upon receipt, the IRS treated the letter as a request for discovery made regarding Plaintiff's administrative-assessment proceedings that were related to Plaintiff's ongoing dispute with the IRS regarding his tax liability for tax years 1999, 2000, 2001, and 2002.  After Plaintiff filed the instant lawsuit on March 12, 2010, the IRS forwarded the letter to the proper office, where it was received on April 12, 2010.

To the extent that Plaintiff's FOIA claim is based any "untimeliness" caused by the delay from December 10, 2009, to April 12, 2010, Plaintiff's claim must fail because the time for an agency to respond to the request is tolled until the agency delivers the alleged FOIA request to the appropriate office.  *See Maxwell v. O'Neill*, No. Civ.A.00-01953, 2002 WL 31367754, *4 (D.D.C. Sept. 12, 2002) (stating that the consequence of sending a request to an improper address is the "tolling of the period in which the government is required to respond" and that the regulations require the government "to forward the request to the correct bureau").

Moreover, in order to obtain access to government records under the FOIA, two requirements must be met: (1) a reasonable description of the records must be made; and (2) the requester must comply with the agency's published FOIA rules.  5 U.S.C. § 552(a)(3).  Importantly here, the Act requires those requesting information to comply with an agency's published FOIA rules regarding time, place, fees and procedures to be followed.  5 U.S.C. § 552(a)(3)(A)(ii).  The IRS's regulations regarding FOIA requests are set forth at

26 C.F.R. § 601.702. The regulations provide that a request for records that are confidential must establish both the identity and the right of the requester to the requested records. 26 C.F.R. § 601.702(c)(4)(i)(E). The regulations also provide that the requester must "[s]tate the firm agreement . . . to pay the fees for the search, duplication, and review . . . , or, . . . place an upper limit for such fees that the requester is willing to pay, or request that such fees be reduced or waived and state the justification for such request[.]" 26 C.F.R. § 601.702(c)(4)(i)(H).

As mentioned above, the IRS, Disclosure Office 11, responded to the December 10, 2009 letter request on April 19, 2010. In this response, the IRS informed Plaintiff that additional information was needed before the IRS could process his request, including proof of his identity and an agreement that he would pay for search and copying fees. With regard to the payment requirement, the IRS specifically stated:

> State your agreement to pay for search and copying fees or request that they be reduced or waived. Fees may be reduced or waived only if you can show that disclosure of the requested information is in the public interest rather than the commercial interest of the requester.

(Doc. No. 12, Ex. 1.) Plaintiff contends that he later provided the IRS with proof of his identity. However, it is undisputed that Plaintiff has never stated an agreement to pay for the search and copying fees, or requested that the fees be

waived.[1]

Failure to follow agency guidelines in the submission of an access request constitutes failure to exhaust administrative remedies. *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) ("Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine."). And such a failure provides grounds for the dismissal of a FOIA claim. *Wilber v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("Although exhaustion of a FOIA request is not jurisdictional because the FOIA does not unequivocally make it so, . . ., still as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar.") (citations and quotations omitted). Accordingly, because it is undisputed that Plaintiff has not followed the agency regulations with regard to stating an agreement to pay for the costs to search and copy his records, Plaintiff has failed to exhaust his administrative remedies, and this Court recommends dismissal of his FOIA claim.

---

[1] In Plaintiff's Reply, he now asserts that the information requested "falls under the category of discovery in the instant case[]" and therefore he should not have to pay the $140.00 for the estimated photocopying. This Court finds Plaintiff's attempt to sidestep the requirements regarding fees for copying set forth in the regulations that govern FOIA requests absurd. First, a copy of his file is not necessary and relevant discovery to determine the claims asserted in Plaintiff's Complaint. And second, if Plaintiff's assertion were true, then every person who requests documents under the FOIA could bypass the fee requirements by filing a suit against the IRS and claiming the documents are discovery in the case. This disregards all rules regulating discovery in federal lawsuits.

15

**III.    Privacy Act claim**

In Plaintiff's Complaint, he alleges that the Court should order Defendants to expunge and correct certain documents and to furnish an accounting pursuant to the Privacy Act. More specifically, in his December 10, 2009 letter to the IRS, Plaintiff requests that under the Privacy Act, "all liability for tax years 1999, 2000, 2001, and 2002 be expunged from my records and all le[i]ns removed from my property." (Compl. Attach 1, Ex. P-A.)

The Privacy Act prevents federal agencies from releasing records "except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" or unless other specified conditions are met. 5 U.S.C. § 552a(b). The Act also requires that agencies ensure that records "are accurate, complete, timely, and relevant for agency purposes" prior to dissemination. 5 U.S.C. § 552a(e)(6). Pursuant to 5 U.S.C. § 552a(d), a person can make a request to amend records. However, the Internal Revenue Code expressly states that subsections (d)(2), (3), and (4) or the Privacy Act, which relate to amending records kept by an agency, and subsection (g), which relates to civil remedies for failing to amend records properly:

> shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

28 U.S.C. § 7852(e). Therefore, pursuant to the Internal Revenue Code, modification of a tax indebtedness, which is the effect of Plaintiff's request, is not

16

allowed under the Privacy Act's provisions. *See Gardner v. United States*, 213 F.3d 735, 742 (D.C. Cir. 2000) (affirming judgment of district court dismissing action under Privacy Act regarding disclosure of tax information, because the Internal Revenue Code overrides any inconsistent provisions of the Privacy Act); *Lake v. Rubin*, 162 F.3d 113, 115 (D.C. Cir. 1998) (stating that 28 U.S.C. § 7852(e) "explicitly deprives taxpayers of any right under the Privacy Act amendment provisions—subsections (d)(2), (d)(3) and (d)(4)—to force the IRS to respond to requests for the correction of tax records relating to the determination of their tax liability"); *England v. Comm'r of Internal Revenue*, 798 F.2d 350, 351-52 (9th Cir. 1986) (stating that through 28 U.S.C. § 7852(e) Congress has "limited the applicability of the Privacy Act's remedial provisions with regard to records maintained by the IRS," and that "[t]he district court . . . is without jurisdiction over a civil action by an individual who seeks to amend a record determining actual or possible tax liability"). Because Plaintiff's Privacy Act claim requests the amendment and expungement of his tax records, this Court concludes that it lacks jurisdiction over such a claim, and Defendant's motion to dismiss Plaintiff's Privacy Act claim should be granted.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss or Summary Judgment (Doc. No. 9), be **GRANTED**.

Date: September 27, 2010

    *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. Loc. R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 12, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.